B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of New Jersey, Trenton Division

In re   **Weisberger, Adam & Weisberger, Kay**                Case No.    **17-35023**

Debtor(s)                Chapter    **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR - AMENDED

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐ **FLAT FEE**

| | |
|---|---|
| For legal services, I have agreed to accept | $ |
| Prior to the filing of this statement I have received | $ |
| Balance Due | $ |

☐ **RETAINER**

| | | |
|---|---|---|
| For legal services, I have agreed to accept and received a retainer of | $ | **1,500.00** |
| The undersigned shall bill against the retainer at an hourly rate of | $ | **350.00** |

[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.  The source of the compensation paid to me was:

    ■ Debtor        ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor        ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Adversary proceedings, motion practice, services beyond those listed in the fee agreement with counsel.**

Software Copyright (c) 1996-2018 CIN Group - www.cincompass.com

In re    **Weisberger, Adam & Weisberger, Kay**        Case No.    **17-35023**

Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR - AMENDED
## (Continuation Sheet)

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**March  5, 2018**
*Date*

**/s/ Scott J. Goldstein**
**Scott J. Goldstein**
*Signature of Attorney*
**Law Offices of Scott J. Goldstein, LLC**

**280 W Main St**
**Denville, NJ 07834-1233**
**(973) 453-2838   Fax: (973) 453-2869**
**sjg@sgoldsteinlaw.com**
*Name of law firm*

---

Software Copyright (c) 1996-2018 CIN Group - www.cincompass.com

# LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC

August 29, 2017

Adam  Weisberger and Kay Weisberger
6 Brentwood Court
Flemington NJ  08822

**Re:  Bankruptcy Representation, Chapter 13**

Dear Mr.  and Mrs. Weisberger,

This letter serves to confirm that you have retained the Law Offices of Scott J.  Goldstein, LLC ("the Firm") and its associated Attorneys to represent you in connection with seeking relief under the United States Bankruptcy Code.  I appreciate the opportunity to help you resolve your financial situation.

You have come to the Firm because you have significant unsecured debt as well as significant obligations owed to the Internal Revenue Service and the State of New Jersey Division of Taxation.  Your unsecured general debt is approximately $40,000 and the tax debts aggregate to $75,000 approximately.  Your current cash flow is insufficient to meet the current obligations, though Mr. Weisberger's income as a partner and expectant senior partner of New York Life is expected to meet this as time goes on.  You have one significant asset besides your home, a show horse valued at approximately $75,000, which you are looking to sell to partially fund the Plan. You have a child in college, but are using an inherited IRA to fund that expense.  You understand that college expenses for children over the age of 18 are not deductible for the purposes of bankruptcy.

The following is the agreement between you and the Firm.

Please read this agreement carefully and be sure you understand it.

**Bankruptcy Retainer Agreement**
**THE LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC HAS BEEN DESIGNATED BY AN ACT OF CONGRESS AS A DEBT RELIEF AGENCY.**
**WE HELP PEOPLE FILE FOR DEBT RELIEF UNDER THE BANKRUPTCY CODE.**

In consideration for services to be rendered to undersigned Client(s) ("Client") by Attorney and the Firm located at 280 West Main Street, Denville, NJ 07834, in connection with representing Client regarding bankruptcy matters, Client, jointly and severally agrees to pay Attorney and the Firm as follows:

1.    **Attorneys and Staff**

The attorneys associated with the firm is currently Scott J. Goldstein, Esq.  The Firm reserves the right to assign this matter as appropriate to any attorney admitted to a court of

**North Jersey Office**

280 West Main Street
Denville, NJ 07834
Ph: 973.453.2838
Fax: 973.453.2869

**New York Office**

28 New Hempstead Road
New City, NY 10956
*By Appointment Only*

info@sgoldsteinlaw.com
www.sgoldsteinlaw.com

competent jurisdiction to assist in each task necessary for the Client's representation. The Firm further reserves the right to assign tasks to support staff as needed to efficiently handle Client's case. Client agrees not to unreasonably object to any assignment of staff or attorneys to the case.

### 2.    **Legal Fees and Retainer.**

This matter shall be undertaken at an hourly rate. The hourly rates are as follows:

- Partner Attorneys/Senior Of Counsel - $350.00 per hour
- Associate Attorneys/Junior Of Counsel - $225.00 per hour
- Law Clerk - $150.00 per hour
- Paralegal/Legal Assistant - $100.00 per hour

In any event, the minimum legal fees to be charged will be $3,500.00, which the Client acknowledges is the 'no look' fee approved by the Bankruptcy Court as the standard base fee for Chapter 13 cases filed in the District of New Jersey. Client will also be billed on a cost incurred basis for any and all filing fees, postage or other costs and expenses incurred by the firm.

The client has agreed to pay an initial retainer of $2000. A retainer is an advance payment for Attorney services and the expenses Attorney may incur on Clients behalf and does not cover the court filing fee. Client understands that a retainer balance of $2000 is necessary before Attorney can finalize Client's bankruptcy petition. Client understands that Attorney will credit the retainer against any amount Client owes Attorney and will not be refunded even if Client decides to cancel filing of the bankruptcy petition. If the petition and Chapter 13 Plan are filed, Client agrees that Attorney and Firm may include the remaining as part of the Chapter 13 Plan.

The total fees to be charged in accordance with this agreement and as set forth in any estimate of costs, either verbal or written are dependent upon on the following assumptions:

(a)    The Debtor has provided the Attorney with complete and accurate information.
(b)    The Debtor's circumstances, particularly the Debtor's Current Monthly Income as defined by the Bankruptcy Code, does not substantially change prior to the actual filing of the Bankruptcy case.
(c)    The Debtor must pay the required retainer fee in full prior to the filing of the Bankruptcy Petition, except as set forth above.

If any of these assumptions prove to be inaccurate, and as a result the amount of legal services provided by the Attorney is increased, then the attorney fee shall be increased accordingly and to compensate the Attorney for the additional time and services in providing the legal services. At such time, the parties must execute a supplement to this Agreement. If the Debtor refuses to sign such a supplement, then the Attorney-Debtor relationship shall be terminated and no Bankruptcy Case will be filed for Debtor by the Attorney.

Client must provide Attorney or the Firm with funds for the amount of the court filing fee, either by check made payable to "Law Offices of Scott J. Goldstein, LLC, Attorney Trust Account", or by cash which will be held in trust pending the filing of the bankruptcy petition.

### 3.  Refund Policy and NSF Fees

If the client withdraws from representation, fees advanced to Attorney will be returned in accordance with the following schedule:

(a) If work has not begun on the petition – all funds except a $150 consultation charge and any expenses paid (such as credit reports and appraisals)

(b) If work has begun on the petition, the initial retainer will be refunded pro rata based on the hours spent on the petition

(c) If the petition is ready to file, the initial retainer will not be refunded, but the filing fee and any unadvanced pre-paid expenses shall be returned to the client.

Notwithstanding the foregoing, all fees are deemed earned on receipt.

Client understands that if any check given in payment to Attorney is returned for insufficient funds, Client agrees to pay Attorney a $40.00 fee immediately in addition to the amount of the returned check.  Client agrees to make this payment and any future payments in cash, money order or debit card.

### 4.  Withdrawal From Representation and Bankruptcy Fraud

Attorney reserves the right to withdraw from Client representation if, among other things, Client fails to honor the terms of this Agreement, including non-payment of Attorney and court filing fees; Client fails to cooperate or follow advice on a material matter, or if any fact or circumstance arises or is discovered that would render continuing representation unlawful or unethical.  Client is aware of an ethical requirement imposed upon all Attorneys in this state.  If a Client, in the course of representation by an Attorney, perpetrates a fraud upon any person or tribunal, the Attorney is obligated to call upon the Client to rectify the same.  If the Client refuses or is unable to do so, the Attorney is required to reveal the fraud to the affected person or tribunal.

Client further understands and acknowledges that misrepresentations and/or concealment of property is subject to federal prosecution and criminal charges.  Client understands and acknowledges that such concealment would subject client to 5 years in prison and fines of up to $500,000.00 per misrepresentation or concealment.  Client further acknowledges that such concealment or misrepresentation is grounds to terminate the attorney-client relationship and for withdrawal from representation.

### 5.  Communications with Counsel

Client may contact Attorney at the above telephone number, postal and email addresses. Client understands that Attorney records telephone calls routinely to gain a litigation advantage and does not object to such recordings. Nothing in the foregoing in any way modifies Attorney's fiduciary duties to Client, the applicable rules of professional conduct, or the attorney client privilege. Client specifically consents to the use of email to communicate with Attorney. Although email is a convenient and effective way of communicating, unless Client receives a response from

Attorney, Client should not assume that Attorney received every email transmitted. Client also should be aware that email and voicemail are not completely secure methods of communicating and take appropriate care when sharing particularly confidential information.

### 6.    Favorable Results Not Guaranteed

Because the outcome of negotiations and litigation is subject to unforeseen factors, Client acknowledges and understands that Attorney has made no promises or guarantees to Client concerning the outcome and is unable do so. Nothing in this Bankruptcy Retainer Agreement shall be construed as such a promise or guarantee.

### 7.    Retention of Experts

Client understands that this representation might involve complex issues for which Attorney will seek consultation from other professionals. Attorney will attempt to accomplish such consultations on an anonymous basis but Client agrees that any information that Attorney shares with another professional does not disrupt the attorney-client privilege. Such consultation will be at no charge to Client unless specifically agreed otherwise.

### 8.    Record Keeping

Client agrees that Attorney may discard Client's records within five (5) years of the completion of the Client's bankruptcy case. Client understands that Attorney will keep copies of most records electronically and provide copies vie email, CD or DVD unless Client requests paper copies.

### 9.    Basic Services Common to All Chapter 13 Cases

The services of the attorney set forth below are those normally contemplated for a Chapter 13 case. They include the services listed on Rider A hereto, as set forth in D.N.J. LBR 2016-2(a)(1). In flat fee cases, these are the only fees included in that base flat fee.

The following are a more specific listing of the included services, including necessary administrative services in your case.

(a)    Preparation and electronic filing of petition, schedules, supplemental local forms, Chapter 13 Plan and mailing matrix.

(b)    Drafting and mailing notice to creditors advising of filing of case, including a copy of your Chapter 13 Plan.

(c)    Drafting and mailing to you a letter regarding your attendance at the Section 341 meeting and your other responsibilities.

(d)    Preparation for and attendance at Section 341 meeting (first hearing or first adjourned hearing if adjournment is requested at least 3 days in advance and granted without appearance).

(e)    Review of order confirming plan and periodic case status reports from the Chapter 13 trustee.

(f)     Review of trustee's motion for allowance of claims.
(g)     Maintaining custody and control of case files.
(h)     Service of orders on all affected parties.
(i)     Verification of your identity and social security number.
(j)     Defending objections to confirmation of your Chapter 13 Plan.

The representation shall also include the following services to the extent they are requested or reasonably necessary for your effective representation, some of which may incur additional fees as noted:

1. Preparation and filing of proofs of claim on your behalf for your creditors (fee).
2. Assumptions and rejections of unexpired leases and executory contracts.
3. Preparation for and attendance at valuation hearings (fee).
4. Motions to transfer venue (fee).
5. Requesting copies of proofs of claim from Trustee.
6. Consultation with you regarding obtaining post-petition credit (no motion filed).
7. Motions to avoid liens (fee if not included in Plan).
8. Calculation of plan payment modifications (no motion filed).
9. Adding creditor address to mailing matrix as necessary (fee).
10. Responding to written creditor contacts regarding plan terms, valuation of collateral, claim amounts and the like.
11. Responding to your contacts regarding changes in your financial and personal circumstances and advising the Court and Trustee of the same. (fee if plan modification required)
12. Communicating with you regarding payment defaults, insurance coverage, credit, disability and the like.
13. Obtaining and providing the Trustee with copies of documents relating to lien perfection issues.
14. Notifying creditors of entry of discharge.
15. Notifying creditors by regular mail and/or electronic communication of alleged violations of the automatic stay.
16. Drafting and mailing letters regarding voluntary turnover of property.
17. Review of documents in relation to the use or sale of collateral (no motion filed).
18. Providing you with a list of answers to frequently asked questions and other routine communications with you.

**10.     Non-Base Services.**

In some Chapter 13 cases, the legal services which are beyond those contemplated in the base fee must nonetheless be provided by the Attorney.  These legal services are also listed below:

(a)     Abandonment of property post-confirmation.
(b)     Motion for moratorium.
(c)     Motion for authority to sell property.
(d)     Motion to modify.
(e)     Motion to use cash collateral or to incur credit.

(f)     Defense of motion for relief from stay or co-debtor stay.

(g)     Defense of motion to dismiss filed after confirmation of your plan.

(h)     Non-base fee requests.

(i)     Stay violation litigation, including amounts paid as fees by the creditor or other party.

(j)     Post-discharge injunction actions.

(k)     Adversary proceedings.

(l)     Wage garnishment orders.

(m)     Turnover adversaries.

(n)     Conversion to Chapter 7.

(o)     Motions to substitute collateral.

(p)     Any other matter not covered by the base fee.

For such non-base services, you may be charged without any further notice and in the discretion of the Court non-base fees for the following services and in the amounts noted:

| | | |
|---|---|---|
| o | Amendments to Schedules & Court Fee | $130.00 per filing |
| o | Defending non-complex motions (1 appearance)[1] | $400.00 |
| o | Prosecuting non-complex motions | $500.00 per motion |
| o | (1 appearance) | |
| o | Special Appearances in any other Court | $300.00 per appearance |
| o | Rescheduling of 341a meeting due to nonappearance | $500.00 per appearance[2] |
| o | Additional appearances on non-complex motions | $100.00 per appearance |

The Attorney, in his discretion, may also keep time and expense records for any non-base service and apply to the Court for the approval of the fee plus all expenses incurred. The current hourly fee for your Attorney is between $350.00 and $200.00 depending on the attorney assigned the matter. All base and non-base fees will be added to your plan (unless paid directly by Debtor or a third-party such as a creditor in a contested case) and will be paid through the plan. It is possible that any non-base fees added to your plan may result in an increase in your monthly plan payment or in an extension of the length of your plan or both.

11.     **Client Duties and Responsibilities to Counsel**

        a.      **Complete Disclosure and Access to Records** - Client acknowledges his/her obligation to make full and complete disclosure of all assets and all liabilities, and to provide all documents and information requested by the Attorney, before the bankruptcy petition can be prepared and filed with the court. Client

---

[1] The Firm, in its sole discretion shall determine the fees for each motion and shall determine whether a particular motion is complex or non-complex. Generally, and by way of example only, non-complex motions may include motions for a debtor to appear telephonically for a 341a meeting, motions to extend times, etc.

[2] Failure to appear at the 341a meeting may constitute grounds for the Trustee to move to dismiss the case. If such a motion is made, you may be charged for the defense of such a motion as described above PLUS the rescheduling charge.

acknowledges that Attorney may acquire, review and use both public and confidential documents, including but not limited to credit reports and liens searches, with respect to Client and consents to such acquisition, review and use and agrees to execute all necessary papers to permit Attorney to access such information. Client agrees that failure to cooperate in this regard is grounds for termination of the attorney-client relationship.

**b.     Documentation of Debt -** Client acknowledges that the Attorney will not research creditor information, including addresses, account numbers, or balances beyond what is available through a basic credit report. Client must provide any additional information to the Attorney *in writing*. **Failure to do so may result in unscheduled debts subject to non-dischargeability.**

c.     **Credit Counselling and Debtor Education -** Client acknowledges that he/she must attend pre-petition credit counseling before the bankruptcy petition can be filed. Client understands that he/she must also attend post-petition counseling after the bankruptcy petition is filed and within the time frame allowed by statute. Client acknowledges that the bankruptcy cannot be filed without the certificate of completion of the pre-bankruptcy credit counseling. Client understands that no discharge of debts will be issued if the post-bankruptcy credit counseling is not completed within the statutory time frame. Client acknowledges that any referral to a service that provides pre-bankruptcy counseling or post-bankruptcy counseling is as a courtesy only and that the cost of such counseling is not included in Attorney's fees as stated above. If the Client wishes Attorney to arrange for credit counseling, Attorney will arrange for same, and client is obligated to reimburse Attorney for the costs of same.

## 12.   First Payment to Trustee

The Debtor must be in a position to make the first full Chapter 13 monthly plan payment at the time the Debtor signs the Chapter 13 court papers. This payment must be made at this time because under local Court Rules the case may be automatically dismissed unless this payment is made by the first day of the calendar month following the filing of the bankruptcy case[3]. The Debtor must also pay or have paid the $310.00 filing fee at the time of sign and secured and paid for the consumer credit counseling certificate.

## 13.   Estimated Plan Payments

The following is an estimate of Plan Payments, which will begin the first day of the month following filing of your case. **THIS IS AN ESTIMATE ONLY BASED ON INFORMATION PROVIDED AT YOUR CONSULTATION. YOUR ACTUAL PLAN PAYMENT MAY VARY BASED ON THE ACTUAL AMOUNTS OWED AND THE VALUE OF PROPERTY:**

---

[3] E.g. if a case is filed April 15, the first payment to the Trustee is due May 1.

| $52,748.57 | IRS Income Tax Debt |
|---|---|
| $2373.69 | Interest on IRS Debt |
| $22147.00 | New Jersey State Income Tax Debt |
| $996.62 | Interest on New Jersey State Income Tax Debt |
| $40,000.00 | Payment of 100% of General Unsecured Creditors based on non-exempt equity in property (horse) |
| $2000.00 | Estimated remaining legal fees at confirmation to Scott J. Goldstein, Esq. And Law Offices of Scott J. Goldstein, LLC |
| $120,265.88 | Total |
| -------------------- | |
| $12026.59 | Trustee Commissions |

**TOTAL PAID THROUGH THE PLAN - $132,292.47**

In light of your current expenses – you have asked me to do a Step Plan as follows:

$1000 x 12 months (months 1-12)

$2000 x 12 months (Months 13-24)

$2674.80 x 36 months rounded to $2675.00 for 36 months

Please note that as this is a 100% Plan, you can pay off the Plan at any time by paying the full value of the filed claims.

**14.    Mortgage Payments.**

The Debtor acknowledges that the contract mortgage payments on residential real estate cannot be reduced under the Bankruptcy laws but will be paid as follows:

By including only the pre-filing arrears or back payments in the plan, with the Debtor being responsible for making all future mortgage payments directly to the mortgage company. The Debtor MUST make all mortgage payments beginning the month following filing, unless the mortgage is being dealt with in the Plan.

**15.    Limitation on Scope of Representation – BANKRUPTCY ONLY**

Client acknowledges that Attorney does not represent Client in any other type of case, lawsuit or proceeding other than Client's bankruptcy case. Attorney may make a special appearance in a court, other than the Bankruptcy Court, for the purpose of filing a notification of Client's bankruptcy proceedings, and to suggest to another court that Client's proceedings should be stayed. Sending or receiving any summons or complaint, or notifying the Attorney of a pending lawsuit does not obligate the Attorney to represent Client in that lawsuit or before that court. Any representation of Client in a state court proceeding, including without limitation: collection lawsuits, foreclosure lawsuits, and etc., is not included in this Bankruptcy Retainer Agreement.

Any referral made to another Attorney to represent Client is a courtesy only. The Attorney is not associated with any other Attorney outside of the undersigned Attorney's law offices.

### 16.    Recovery in Adversary Proceedings – Contingent Matters

Client and Attorney hereby agree that any recovery in any adversary proceeding or contested matter that is the subject of a contingency fee arrangement solely between Client and Attorney shall be resolved as follows:

    a.    All costs, legal fees and damages shall be added together to reach a total settlement amount.

    b.    The total settlement amount shall then be equally divided between Client and Attorney.

    c.    All litigation and other related expenses shall then be deducted from the 50% of the total settlement amount assigned to Attorney.

    d.    No part of the litigation and other related expenses shall be deducted from the 50% of the total settlement paid to Client and this percentage shall apply to any amount received by settlement, trial, or appeal.

    e.    Client shall not be liable for any litigation and other related expenses incurred in the adversary proceeding or the contested case if there is no recovery unless such litigation and other related expenses are specifically approved in advance in a written document signed by Client.

    f.    The total settlement amount shall be computed without any deduction for the litigation and other related expenses.

    g.    Upon conclusion of the matter, Attorney shall provide Client with a written statement stating the outcome of the matter and if there is a recovery showing the remittance to the client and the method of its determination consistent herewith; and.

    h.    Attorney is granted a lien on the gross recovery for the amount of the contingent fee as fixed by the agreement herein. This lien shall secure property that is deemed to be the sole property of Attorney and not property of Client or of the bankruptcy estate.

### 17.    Acknowledgement of Non-Dischargeability of Certain Debts

Client understands that certain debts cannot be discharged in bankruptcy. Client agrees that Client is still liable to repay any debt not discharged in Client's bankruptcy. Client understands that the debts listed below are common examples of the types of debts that cannot be discharged in bankruptcy. Client further understands that the list of non-dischargeable debts may be expanded by legislation or court decisions and Attorney has no control over the type of debts that may be or become non-dischargeable.

    a.    Certain types of taxes, custom duties, or debts to pay taxes or custom duties.

    b.    Debts that are not listed on the petition at the time of filing unless the Petition and Plan are amended to include such debt in a reasonable and timely fashion.

   c.      Student loans.

   d.      Debts owed for spousal or child support.

   e.      Debts arising from a previous bankruptcy wherein discharge of that particular debt was waived.

   f.      Debts owed for money, property, services, extension-or-removal, or refinancing of credit, if obtained by false pretenses, or false representations, or actual fraud.

   g.      Debts owed for fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny.

   h.      Criminal restitution and fines

   i.      Personal injury or wrongful death claims arising from a civil judgment as a result of the Debtor's willful and malicious injury to another.

### 18.    Liens not Addressed in Plan not Discharged - Acknowledgement

Client understands that filing bankruptcy does not automatically discharge or remove liens from any real estate. Client agrees that the Attorney will not take any action to avoid (remove) any lien on real estate unless Client specifically authorizes the Attorney to do so in writing. Client agrees that the Attorney will rely on Client's statements concerning ownership of real property and any liens attached to Client's real property. Client agrees that no real estate title search will be conducted. Client agrees that Attorney will not conduct a public records search for lawsuits filed against Client or judgments granted against Client. Client must separately order and pay for a real estate title search, or public records search for lawsuits or judgments, if client wishes to obtain one. **Client agrees to hold the Attorney harmless if client later discovers liens, lawsuits or judgments against Client or against Client's real estate.**

### 19.    Audit by United States Trustee

Client understands that individuals who file for relief under chapter 7 or chapter 13 of the Bankruptcy Code are subject to audits by the U.S. Trustee. If Client's case is selected for an audit, Client agrees to pay Attorney his customary hourly rate, for representing Client in such audit.

### 20.    Excessive Delay in Providing Documentation

Client understands that Attorney may charge additional fees if Client waits longer than thirty (30) days from the date that the retainer balance reaches $2000 to finalize the bankruptcy petition and schedules due to additional due diligence and other update work required to finalize the bankruptcy. Alternatively, Attorney may terminate client's relationship with the Firm and make any appropriate refund in accordance with the refund policy set forth above.

### 21.    Acknowledgement of Understanding and Receipt of Retainer Agreement

Client acknowledges that Client has read and understands all the terms contains in this Bankruptcy Retainer Agreement and that, whether written, spoken, recorded or transcribed by any other means, no other terms are made part of this Bankruptcy Retainer Agreement. Client is in agreement with the terms of this agreement and has signed on the signature lines below. Client further acknowledges that Client has received a copy of this Bankruptcy Retainer Agreement.

### 22.    No Modification Except in Writing

This document represents the complete agreement between the parties and may not be modified or replaced except by a subsequent written agreement executed by the parties.

Sincerely and agreed:

Law Offices of Scott J. Goldstein, LLC

_____                    _____
Scott J. Goldstein                               Adam  Weisberger

                                             _____
                                             Kay Weisberger

## RIDER A

## NJ NO LOOK SERVICES PER D.N.J. LBR 2016-2

**D.N.J. LBR 2016-5. Application for Compensation and Reimbursement of Expenses in a Chapter 13 Case**

**(a) Standard fee.**

(1) A chapter 13 debtor's attorney who charges a fee of $3,500 or less is not required to file an application for allowance of compensation. The fee covers the following legal services:

(A) meeting with the debtor to review the debtor's financial situation and discuss the bankruptcy process;

(B) preparing, filing, and serving the debtor's petition, plan, schedules, and statement of financial affairs;

(C) providing the chapter 13 trustee with all required documents including payment advices, redacted tax returns, real property valuations, and any other documents requested by the trustee;

(D) representing the debtor at the meeting of creditors under § 341(a) of the Code and all confirmation hearings;

(E) responding to routine objections to plan confirmation;

(F) filing a statement of completion of a course concerning personal financial management as required under Bankruptcy Rule 1007(b)(7);

(G) taking the steps necessary to discharge liens modified under the plan; and

(H) providing such other legal services as necessary for the administration of the case, including telephone calls and correspondence.